IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dean Alton Holcomb, #154215, | ) | C/A No.: 1:15-4165-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| John Vandermosten, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Dean Alton Holcomb ("Petitioner"), proceeding pro se and in forma pauperis, is a pretrial detainee at the Greenville County Detention Center in Greenville, South Carolina. He has submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.      Factual and Procedural Background

Petitioner filed this 28 U.S.C. § 2241 petition seeking a speedy trial on his state charges. [ECF No. 1 at 2]. Petitioner argues the Greenville County grand jury process is broken, and the Greenville County criminal court system is a sham and does not follow the South Carolina Rules of Criminal Procedure. *Id.* at 7–8. Petitioner alleges he "is not being nor has he been treated as others charged with the same charges as to bond." *Id.* at 13. Finally, Petitioner states that Greenville County courts failed to dispose of his charges

within 365 days "or to have a written order for continuing." *Id.* at 14. Petitioner asks the court to hold a "habeas hearing, in street clothes, with John Timothy Martin, Sylvia Parris Harrison, Jeff Kindly and G. Donahue called as witnesses to defend their actions." *Id.* at 8.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Petitioner filed this habeas petition seeking a speedy trial on his state criminal charges. [ECF No. 1 at 2]. Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, federal habeas relief is available under § 2241 only if exceptional circumstances justify the provision of federal review. *Dickerson*, 816 F.2d at 228.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland*

3

*Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner states that he is currently detained pending disposition of state criminal charges. Therefore, it appears an ongoing state criminal proceeding exists, satisfying the first part of the test. The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner can pursue his claims regarding a speedy trial, his bond, the Greenville County criminal court system, and the grand jury process in state court both during and after the disposition of his criminal charges. As Petitioner fails to demonstrate that he has no adequate remedy at law or that he will suffer irreparable injury if denied his requested relief, *see Younger*, 401 U.S. at 43–44, Petitioner is precluded from federal habeas relief at this time.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

October 21, 2015                                         Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).